# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CDCR SECRETARY JEFFERY BEARD, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01032-SAB<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE COURT'S AUGUST 23, 2017, SCREENING ORDER AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 11) |

Plaintiff Robert Mitchell ("Plaintiff"), a former state prisoner, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 12, 2017 in the Central District of California. On August 3, 3017, the matter was transferred to the Eastern District of California.

Currently before the Court is Plaintiff's objection to the Court's August 23, 2017, order dismissing his complaint, with leave to amend, for failure to state a cognizable claim for relief.

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a

1

strongly convincing nature to induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment.  As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted).  The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Plaintiff disagrees with the Court's decision and seeks reconsideration of the order dismissing his original complaint, with leave to amend.  In screening Plaintiff's complaint, the Court carefully considered Plaintiff's allegations, construed the allegations in light of Plaintiff's pro se status, and explained why the complaint failed to comply with the applicable Federal Rules of Civil Procedure, along with a statement of the law applicable to any potential claims.  Plaintiff contends that he has stated cognizable claims for failure to protect, medical indifference, equal protection, and unconstitutional policy.  However, as stated in the Court's August 23, 2017 order, Plaintiff has failed to set forth sufficient factual basis to support his claims as applied to the relevant legal standard.  If Plaintiff wishes to further clarify and amend his claims, he may do so by filing an amended complaint.  This is not a situation in which Plaintiff was deprived of notice and an opportunity to amend.  Indeed, if Plaintiff disagrees with the Court's finding in the screening order, Plaintiff's remedy is to file an amended complaint.  Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.  Accordingly,

Plaintiff's motion for reconsideration shall be denied. In light of Plaintiff's objections, the Court will grant Plaintiff thirty days from the date of service of this order to file an amended complaint, if he wishes to do so. Plaintiff

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's August 23, 2017, order is DENIED;

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint; and

3. The failure to file an amended complaint will result in the action being dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __October 2, 2017__

UNITED STATES MAGISTRATE JUDGE